# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

ANTOINE TOFFA.

    Plaintiff,

        v.

JOHN DOE,

    Defendant.

Case No.:

COMPLAINT

## COMPLAINT

FOR HIS COMPLAINT in this matter, Plaintiff ANTOINE TOFFA, by and through his attorneys REVISION LEGAL, PLLC and RANALLO LAW OFFICE, states as follows:

### INTRODUCTION

1. This is a domain theft case regarding Defendant's actions to unlawfully obtain possession and control over Plaintiff's <opinions.com>, <brands.com>, <companies.com>, and <polls.com> domain names (collectively referred to as the "Domain Names").

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is an individual residing in the State of Colorado.

3. Defendant's identity is currently unknown.

4. After obtaining unlawful access to Plaintiff's registrar account, Defendant transferred the Domain Names to eNom, Inc. ("eNom"), a domain name registrar located within this

COMPLAINT - 1

Revision Legal
8051 Moorsbridge Rd.
Portage, MI 49024
269-281-3908

Ranallo Law Office
10411 Alderbrook Pl. NW
Seattle WA 98177
831-607-9229

judicial district.

5. By transferring the Domain Names to eNom, Defendant agreed to eNom's terms of service, attached as **Exhibit 1**, which includes the following provision regarding personal jurisdiction:

> Except as otherwise set forth in the UDRP, URS, or any similar ccTLD policy, with respect to any dispute over a domain name registration, this Agreement, your rights and obligations and all actions contemplated by this Agreement shall be governed by the laws of the United States of America and the State of Washington, as if the Agreement was a contract wholly entered into and wholly performed within the State of Washington.
>
> [F]or the adjudication of third party disputes (i.e. disputes between you and another part, not [eNom]) concerning or arising from use of domain names registered hereunder, you shall submit without objection, without prejudice to other potentially applicable jurisdictions, to the subject matter and personal jurisdiction of the courts (i) of the domicile of the registrant as it appears in the public WHOIS record for the domain name(s) in controversy, and (ii) where [eNom is] located, currently those State or Federal courts where geographic districts include Bellevue, Washington.

6. As a result, Defendant has consented to personal jurisdiction in this Court.

7. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 based upon Defendant's violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq* and 18 U.S.C. §§ 2201 and 2202 based upon the actual controversy between the parties and Plaintiff's request for declaratory judgment.

8. This Court has supplemental jurisdiction over the related state law claims in this Complaint pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9. Venue is proper in this district because a substantial part of the property that is the subject

COMPLAINT - 2

Revision Legal  
8051 Moorsbridge Rd.  
Portage, MI 49024  
269-281-3908

Ranallo Law Office  
10411 Alderbrook Pl. NW  
Seattle WA 98177  
831-607-9229

of this action is located in this jurisdiction because the Domain Name is held at a registrar located in this jurisdiction. 28 U.S.C. § 1391.

## PLAINTIFF'S OWNERSHIP OF THE DOMAIN NAMES

10. Plaintiff has owned the Domain Names for at least 17 years and is the rightful owner. **Exhibit 2**, Toffa Declaration.

11. Plaintiff maintained the Domain Names at Network Solutions, LLC ("Network Solutions"), a registrar located in Florida.

12. Plaintiff has provided the following evidence of his ownership of the Domain Names:

    a. As to <opinions.com>:

        i. WHOIS Record dated 11-29-2000, being the earliest available WHOIS record showing Plaintiff as the registrant (**Exhibit 3A**);

        ii. Representative WHOIS Records evidencing Plaintiff's ownership from 2003 to 2016 (**Exhibit 3B**); and,

        iii. WHOIS Record dated 5-29-2017, being the latest pre-theft WHOIS record showing Plaintiff as the Registrant (**Exhibit 3C**).

    b. As to <brands.com>:

        i. WHOIS Record dated 11-29-2000, being the earliest available WHOIS record showing Plaintiff as the registrant (**Exhibit 4A**);

        ii. Representative WHOIS Records evidencing Plaintiff's ownership from 2003 to 2016 (**Exhibit 4B**); and,

        iii. WHOIS Record dated 8-26-2017, being the latest pre-theft WHOIS record showing Plaintiff as the Registrant (**Exhibit 4C**).

    c. As to <companies.com>:

COMPLAINT - 3

Revision Legal
8051 Moorsbridge Rd.
Portage, MI 49024
269-281-3908

Ranallo Law Office
10411 Alderbrook Pl. NW
Seattle WA 98177
831-607-9229

       i. WHOIS Record dated 11-29-2000, being the earliest available WHOIS record showing Plaintiff as the registrant (**Exhibit 5A**);

       ii. Representative WHOIS Records evidencing Plaintiff's ownership from 2002 to 2016 (**Exhibit 5B**); and,

       iii. WHOIS Record dated 8-28-2017, being the latest pre-theft WHOIS record showing Plaintiff as the Registrant (**Exhibit 5C**).

   d. As to <polls.com>:

       i. WHOIS Record dated 11-29-2000, being the earliest available WHOIS record showing Plaintiff as the registrant (**Exhibit 6A**);

       ii. Representative WHOIS Records evidencing Plaintiff's ownership from 2003 to 2016 (**Exhibit 6B**); and,

       iii. WHOIS Record dated 8-17-2017, being the latest pre-theft WHOIS record showing Plaintiff as the Registrant (**Exhibit 6C**).

13. Plaintiff used his atoffa@comcast.net email address as the registrant, administrative, and technical contact for his Domain Names. **Exhibit 2**, Toffa Declaration.

**DEFENDANT'S THEFT OF PLAINTIFF'S DOMAIN NAMES**

14. On or about August 30, 2017, Defendant obtained unauthorized access to the atoffa@comcast.net email address and used access to that account to access Plaintiff's Network Solutions registrar account.

15. With unlawful access to Plaintiff's Network Solutions registrar account, Defendant transferred the Domain Names from Network Solutions to eNom, and asserted full and total control and possession over the Domain Names.

16. Plaintiff has provided the following evidence of Defendant's theft of the Domain Names:

COMPLAINT - 4

Revision Legal  
8051 Moorsbridge Rd.  
Portage, MI 49024  
269-281-3908

Ranallo Law Office  
10411 Alderbrook Pl. NW  
Seattle WA 98177  
831-607-9229

a. As to <opinions.com>:

   i. WHOIS Record dated 8-31-2017, being the earliest post-theft WHOIS record showing a new registrant using a privacy proxy service to hide his personal information (**Exhibit 3D**); and,

   ii. WHOIS Record dated 10-08-2017, being the most recent post-theft WHOIS record showing a new registrant using a privacy proxy service to hide his personal information (**Exhibit 3E**).

b. As to <brands.com>:

   i. WHOIS Record dated 8-31-2017, being the earliest post-theft WHOIS record showing a new registrant using a privacy proxy service to hide his personal information (**Exhibit 4D**); and,

   ii. WHOIS Record dated 10-16-2017, being the most recent post-theft WHOIS record showing a new registrant using a privacy proxy service to hide his personal information (**Exhibit 4E**).

c. As to <companies.com>:

   i. WHOIS Record dated 8-31-2017, being the earliest post-theft WHOIS record showing a new registrant using a privacy proxy service to hide his personal information (**Exhibit 5D**); and,

   ii. WHOIS Record dated 9-28-2017, being the most recent post-theft WHOIS record showing a new registrant using a privacy proxy service to hide his personal information (**Exhibit 5E**).

d. As to <polls.com>:

   i. WHOIS Record dated 8-31-2017, being the earliest post-theft WHOIS

COMPLAINT - 5

Revision Legal
8051 Moorsbridge Rd.
Portage, MI 49024
269-281-3908

Ranallo Law Office
10411 Alderbrook Pl. NW
Seattle WA 98177
831-607-9229

      record showing a new registrant using a privacy proxy service to hide his personal information (**Exhibit 6D**); and,

    ii. WHOIS Record dated 10-16-2017, being the most recent post-theft WHOIS record showing a new registrant using a privacy proxy service to hide his personal information (**Exhibit 6E**).

17. To date, Plaintiff does not have ownership or control over the Domain Names.

18. As a conservative estimate, the Domain Names are valued at over $2,000,000.

## DEFENDANT'S CONTACT INFORMATION

19. Defendant is using a WHOIS GUARD INC., a privacy protection service based in Panama, to hide his personal details in the public WHOIS record. Currently, Defendant is using the following email addresses as the registrant email address for the respective domain names:

   a. As to <opinions.com>: 25CFDF4732B641C8AA2DB12F2813E735.PROTECT@WHOISGUARD.COM (**Exhibit 3E**);

   b. As to <brands.com>: A3B7AB1CDB6747608C92894CF8859B3B.PROTECT@WHOISGUARD.COM (**Exhibit 4E**);

   c. As to <companies.com>: 6C86F6E864F64D9A8363A78D1FEE7937.PROTECT@WHOISGUARD.COM (**Exhibit 5E**); and,

   d. As to <polls.com>: F606B2737A9B442795EB4A87C97543A3.PROTECT@WHOISGUARD.COM

Revision Legal  
8051 Moorsbridge Rd.  
Portage, MI 49024  
269-281-3908  

Ranallo Law Office  
10411 Alderbrook Pl. NW  
Seattle WA 98177  
831-607-9229

(**Exhibit 6E**);

20. At this time, Plaintiff has no other information or knowledge as to Defendant's physical location.

## CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

21. Plaintiff restates all prior paragraphs as if fully restated herein.

22. Defendant accessed a protected computer - being Plaintiff's email account and Network Solutions registrar account - knowingly and with an intent to defraud.

23. Defendant accessed Plaintiff's email account and Network Solutions registrar account without Plaintiff's authorization.

24. Defendant's accessing of Plaintiff's email account and Network Solutions registrar account was in furtherance of Defendant's intended fraud; namely, Defendant's theft of the Domain Names.

25. Through the unauthorized access to Plaintiff's email account and Network Solutions registrar account, Defendant obtained possession and control of the Domain Names.

26. Defendant's actions have caused Plaintiff losses aggregating of at least $2,000,000.

27. As a result of Defendant's knowing, willful, and fraudulent actions, Plaintiff has suffered economic damages and losses.

28. Defendant has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

### COUNT II – CONVERSION

29. Plaintiff restates all prior paragraphs as if fully restated herein.

30. Defendant, without authorization, obtained access to Plaintiff's email account and Network Solutions registrar account.

31. Upon gaining access to Plaintiff's email account and Network Solutions registrar account, Defendant, without authorization, transferred the Domain Names from Network Solutions to Defendant's personal eNom account.

32. Defendant, without authorization, also changed the email address listed as the registrant of the Domain Names to an email address associated with the privacy protection service used to hide his personal information.

33. By transferring the Domain Names to eNom and changing the email associated with the domain registrant for the Domain Names, Defendant wrongfully obtained dominion and control over Plaintiff's Domain Names.

34. The Domain Names constitute Plaintiff's personal property.

35. Plaintiff has an immediate right to possession of the Domain Names as the lawful owner of the Domain Names and their respective registrations.

36. Defendant has committed the tort of conversion.

**COUNT III – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RIGHTS**

37. Plaintiff restates all prior paragraphs as if fully restated herein.

38. Plaintiff possessed a valid contractual relationship with Network Solutions for the Domain Names' registrations.

39. Plaintiff paid Network Solutions valuable consideration for the rights associated with the Domain Names' registrations.

40. Defendant had express knowledge of Plaintiff's contractual rights with Network Solutions because Defendant obtained unauthorized access in and to Plaintiff's Network Solutions registrar account.

41. Defendant intentionally interfered with Plaintiff's contractual right by transferring the

COMPLAINT - 8

Revision Legal  
8051 Moorsbridge Rd.  
Portage, MI 49024  
269-281-3908

Ranallo Law Office  
10411 Alderbrook Pl. NW  
Seattle WA 98177  
831-607-9229

Domain Name to a different registrar, eNom, thus terminating Plaintiff's contractual relationship with Network Solutions.

42. Plaintiff did not approve or authorize Defendant's action to transfer the Domain Names to eNom.

43. Plaintiff has suffered damage in the loss of dominion and control of the Domain Names and the contractual rights for which he paid valuable consideration as a result of Defendant's improper actions.

## COUNT IV – DECLARATORY JUDGMENT

44. Plaintiff restates all prior paragraphs as if fully restated herein.

45. An actual controversy exists between Plaintiff and Defendant as to whether Plaintiff is the rightful owner of the Domain Names.

46. Defendant's express actions to obtain unauthorized access to Plaintiff's email account and Network Solutions registrar account, and to transfer the Domain Name to eNom, places the Domain Names solely under Defendant's dominion and control to the exclusion of Plaintiff.

47. Plaintiff, Defendant, and the public will face uncertainty regarding the entity with proper title and rights to the Domain Name, and this results in reasonable apprehension of further litigation to clarify the rights at issue.

48. A justiciable controversy exists that Plaintiff seeks a declaration and judgment that he is the rightful owner of the Domain Names.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Honorable Court enter the judgment against Defendant:

A. Declaring Plaintiff the owner of the Domain Names;

B. Transferring the Domain Names into Plaintiff's possession, ownership, and control;

C. Awarding Plaintiff his actual damages, lost profits, consequential damages, exemplary damages, statutory damages, and any other damages allowable under law;

D. Awarding Plaintiff his costs and attorneys' fees; and

E. Awarding Plaintiff any other relief to which he is entitled.

Respectfully submitted,

Date: October 28, 2017

/s/ Nicholas Ranallo
Nicholas Ranallo
Washington Bar No. 51439
10411 Alderbrook Pl. NW
Seattle, WA 98177
nick@ranallolawoffice.com
(831) 607-9229

/s/ Eric Misterovich
Eric Misterovich (P73422)
*Pro Hac Vice Application Forthcoming*
Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
269.281.3908
269.235.9900 (f)
eric@revisionlegal.com

COMPLAINT - 10

Revision Legal          Ranallo Law Office
8051 Moorsbridge Rd.    10411 Alderbrook Pl. NW
Portage, MI 49024       Seattle WA 98177
269-281-3908            831-607-9229